UNITED STATES v. HENSEL et al.

(Circuit Court of Appeals, Second Circuit. November 15, 1899.)

No. 29.

CUSTOMS DUTIES—CLASSIFICATION—FRAMES OF PAINTINGS.

It having been the uniform practice of the treasury department since 1866, in case of dutiable oil paintings in frames, to assess a separate and independent duty on the frames, tariff statutes since enacted must be construed with reference to such practice; and the word "paintings," as

used in paragraph 454 of the tariff act of 1897, cannot be construed to include the frames in which such paintings are imported; nor are the frames to be assessed for duty as "coverings," under section 19 of the customs administrative act of 1890, but they are to be classified as separate importations, and are dutiable, under paragraph 208 of the same tariff act, as manufactures of wood.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decision of the circuit court (91 Fed. 523) reversing a decision of the board of general appraisers which affirmed a decision of the collector of the port of New York.

Henry C. Platt, for the United States.

Howard T. Walden, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The appellees imported certain oil paintings, with frames. The collector assessed duty upon the paintings at 20 per cent. ad valorem, under paragraph 454 of the tariff act of July 24, 1897, and separately upon the frames at 35 per cent., as "manufactures of wood," under paragraph 208 of the same act. Paragraph 454 reads: "Paintings in oil or water colors, pastels, pen and ink drawings and statuary, not specially provided for in this act, twenty per centum ad valorem," etc. The importers contend that a duty of 20 per cent. ad valorem should be assessed on the framed painting as an entirety,—painting and frame together,—or under section 19 of the act of June 10, 1890, on the theory that the frame is a case or covering of the painting, and to be reckoned as a part of the dutiable value of the painting. This last proposition commended itself to the circuit court. The section last cited provides, inter alia, that "if there be used for covering or holding imported merchandise * * * any unusual article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duty shall be levied * * * upon such article at the rate to which the same would be subject if separately imported." Manifestly, these frames were designed for use otherwise than in the transportation of the pictures to the United States. They are ornamental, and are designed rather to add to the attractiveness of the pictures when exhibited, than to protect them against the risk of transport. It will not be necessary, however, to review the decisions bearing on this question of coverings, since Oberteuffer v. Robertson, 116 U. S. 499, 6 Sup. Ct. 462, 29 L. Ed. 706, where the act of 1883, which imposed what was practically a penalty of 100 per cent., was construed; nor to discuss the argument advanced by appellee, that, within the common or ordinary meaning of the word, a "painting" includes the frame in which it is bought, sold, transported, imported, and exhibited. It was held in Robertson v. Downing, 127 U. S. 613, 8 Sup. Ct. 1330, 32 L. Ed. 271, that "when there has been a long acquiescence in a regulation, and by it rights of parties for many years have been determined and adjusted, it is not to be disregarded, without the most cogent and persuasive reasons." It appears that the treasury department has allowed frames containing pictures, which for some rea-

son had been given free entry by congress, to come in free with the pictures; but in the case of dutiable oil paintings the practice of assessing a separate and independent duty upon the frames has been followed by the treasury department continuously since 1866, and, so far as appears, has never been successfully attacked; nor, indeed, has it ever been presented to any court. We therefore conclude that the decision of the circuit court should be reversed, and the classification of the frames for duty purposes as manufactures of wood should be sustained.