HENSEL et al. v. UNITED STATES.

(Circuit Court, S. D. New York. December 28, 1899.)

No. 2,312.

CUSTOMS DUTIES—CLASSIFICATION—PICTURE FRAMES.

    Paragraph 575 of the tariff act of 1894, admitting free of duty paintings which are works of art, does not include as a part of such paintings ornamental frames in which they are imported, nor are such frames exempt as usual coverings, but are dutiable, under paragraph 181, as manufactures of wood.

   Appeal by the importers from a decision of the board of general appraisers, which affirmed the action of the collector in assessing duty upon the importations in question.

Howard T. Walden, for importers.

Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The merchandise in question comprises certain gilt and bronze picture frames, assessed for duty at 25 per cent. ad valorem, under paragraph 181 of the act of August 27, 1894, as "manufactures of wood," and claimed to be exempt from duty, under paragraph 575 of said act, as parts of paintings, or as usual coverings. It is clear that these frames are designed for purposes other than to cover and protect the paintings, and that they are designed to give additional attractiveness to the pictures. The only apparent support for the contention of the importers is in the language of the circuit court of appeals in U. S. v. Hensel (C. C. A.) 98 Fed. 418, as follows:

"It appears that the treasury department has allowed frames containing pictures, which for some reason had been given free entry by congress, to come in free with the pictures, but in the case of dutiable oil paintings the practice of assessing a separate and independent duty upon the frame has been followed by the treasury department continuously since 1866, and, so far as appears, has never been successfully attacked; nor, indeed, has it ever been presented to any court."

Thereupon the circuit court of appeals, reversing the decision of the circuit court, held that certain frames on paintings subject to duty should be separately assessed, on the ground that where there has been "a long acquiescence in a regulation, and by it rights of parties for many years have been determined and adjusted, it is not to be disregarded without the most cogent and persuasive reasons." Counsel for the government shows by the citation of a great number of treasury decisions since 1875 that duty has been repeatedly assessed on frames as manufactures of wood, where the paintings, for certain reasons, have been admitted free. In the Hensel Case, which was before the circuit court of appeals, the only question involved was that of the duty upon frames where the paintings themselves were subject to duty. Therefore the evidence as to the action of the treasury department on frames containing free pictures was not presented to the court by counsel for the government. I think the general provisions of the act of 1894 for free entry of paintings which are works of art should not be so construed as to include ornamental frames such as those here in question. The decision of the board of general appraisers is affirmed.