### UNITED STATES *v.* STEEB & Co. (No. 1508).[1]

BAMBOO SPLIT AND CUT INTO LENGTHS.

The splitting and cutting into lengths of this bamboo does not in fact make of it anything and putting it up into bundles did not change its character. It has not been manufactured. The decisions and the legislative history of the relevant provision show the merchandise was entitled to free entry under paragraph 713, tariff act of 1909.

### United States Court of Customs Appeals, May 24, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37055 (T. D. 35000).

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Harry M. Farrell,* special attorney, on the brief), for the United States.

Submitted on record by appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal by the United States from the decision of the Board of General Appraisers sustaining a claim for the free entry of certain split bamboo. There is no evidence showing any further advance, but it is said in the brief to have been cut into 18-inch lengths, the purpose of which cutting is not disclosed. It was assessed for duty by the collector at Seattle at the rate of 35 per cent ad valorem under paragraph 215, act of 1909, as a manufacture of wood or bark or of which wood or bark is the component material of chief value. The board held the merchandise entitled to free entry under paragraph 713 of said act, the pertinent portion of which is as follows:

Woods: * * * Bamboo, rattan, reeds unmanufactured, india malacca joints, and other woods not specifically provided for in this section, in the rough, or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes.

This provision is not new to tariff laws. Merchandise corresponding to that here considered was before the court in Brauss *v.* United States (120 Fed., 1017). The merchandise was there described as bundles of split bamboo about 12 inches long, intended for use in making brooms, which had been assessed as manufactures of wood under paragraph 208 of the act of 1897 as against bamboo in the phrase "bamboo, rattan, reeds unmanufactured" in paragraph 700.

[1] Reported in T. D. 35503 (28 Treas. Dec., 1008).

The court held that splitting the bamboo and cutting into lengths did not make it in fact anything, and putting it up into bundles did not change its character, citing authorities.

The question was presented to the Board of General Appraisers in G. A. 5315 (T. D. 24332), and the same result announced, on the authority of the Brauss case.

The case cited is persuasive authority for the holding of the board in the present case. This decision was rendered in 1903, and presumably was followed up to the enactment of the tariff law of 1909, and the provisions relating to this subject were embodied in the tariff law of 1909, without any amendment affecting the question here involved. The inference is very strong that the purpose was to enact the provision with the interpretation which had been placed upon it, and in the absence of any commercial testimony showing any other status of this merchandise than that ascribed to it by the court in the case cited, we are inclined to hold that it is free of duty under the provision named. See also Rattan & Cane Co. v. United States (6 Ct. Cust. Appls., 1; T. D. 35247).

The decision of the board is *affirmed*.