UNITED STATES *v.* BORGFELDT & Co. (No. 1752).[1]

1. LEGISLATIVE AND JUDICIAL PROVINCES.
    If a construction of a statute made necessary by the settled rules of statutory construction works a hardship, the remedy is with the legislature, not the courts.
2. SEGREGATION.
    It is well settled that goods claimed and invoiced as entireties may, for dutiable purposes, be segregated and the different parts rated for duty under separate provisions of the law applicable to such parts.
3. CONSTRUCTION, LEGISLATIVE RECOGNITION OF.
    In reenacting in substantially the same words the provision for lead pencils in successive tariff acts, Congress sanctioned the administrative and judicial construction which rated them and their holders separately for dutiable purposes.
4. PENCILS OF WOOD WITH METAL HOLDERS.
    Wooden lead pencils with metal holders are not dutiable as entireties. The pencils are dutiable as such under paragraph 378, tariff act of 1913, and the holders as metal articles under paragraph 167.

United States Court of Customs Appeals, December 21, 1916.

APPEAL from Board of United States General Appraisers, Abstract 39847.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

*Comstock & Washburn* (*Albert H. Washburn* and *George J. Puckhafer* of counsel) for appellees.

[Oral argument Dec. 7, 1916, by Mr. Hanson and Mr. Washburn.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

These importations, as reported by the appraiser, consist of "metal pencil holders with pencils of wood attached. * * *" The pencil holders are of metal; the pencils are of wood with a lead filling; the holders are of the customary size and length; the pencils are of the usual size or diameter and about 1½ or 2 inches in length. They were rated for duty by the collector at the port of New York separately, the metal holders as "articles composed wholly or in chief value of metal" under paragraph 167 of the tariff act of 1913, and the pencils under paragraph 378 of that act as "pencils of wood, or other material, filled with lead." The claim of the protestants, which was sustained by the Board of General Appraisers, is that the articles are properly dutiable as entireties, and, being in chief value of metal, the entire article is claimed properly ratable for duty under the provisions of paragraph 167 as manufactures in chief value of metal. The Government, the appellant here, controverts that claim.

The question is one of construction. While articles in chief value of metal are expressly provided for in paragraph 167, *infra,* pencils of lead are also provided for in paragraph 378, hereinafter quoted.

---

[1] Reported in T. D. 36909 (31 Treas. Dec., 666).

While it is stated by counsel for the importers at the hearing, and not challenged by the Government counsel, that the construction adopted by the collector resulted in a duty of 150 per cent upon the pencils, nevertheless, if controlled by the settled rules of construction, this court has no alternative but to affirm that assessment. The relief in such cases is within the jurisdiction of Congress and not with this court.

In the opinion of the court the rule of long-continued and established practice, which has been invoked and applied in many cases in this and the Supreme Court of the United States as controlling decision, is conspicuously applicable in this case. The provision for lead pencils in the tariff laws has been essentially the same from and including the tariff act of 1883 to and including the tariff act of 1913, as follows:

*Act of 1883.*

473. Pencils of wood filled with lead or other material and pencils of lead,   *   *   *.

*Act of 1890.*

466. Pencils of wood filled with lead or other material, and pencils of lead,   *   *   *.

*Act of 1894.*

357. Pencils of wood filled with lead or other material,   *   *   *.

*Act of 1897.*

456. Pencils of paper or wood filled with lead or other material, and pencils of lead,   *   *   *.

*Act of 1909.*

472. Pencils of paper or wood, or other material not metal, filled with lead or other material, and pencils of lead,   *   *   *.

*Act of 1913.*

378. Pencils of paper or wood, or other material not metal, filled with lead or other material, pencils of lead,   *   *   *.

Paragraph 167 of the tariff act of 1913 provides for articles in chief value of metal in the following words:

167. Articles or wares not specially provided for in this section   *   *   *   if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with gold or silver, and whether partly or wholly manufactured   *   *   *.

Essentially similar provisions appeared in all the tariff acts from 1883 to 1913, inclusive.

The principle that goods claimed and invoiced as entireties may for dutiable purposes be segregated and the different parts rated for duty under separate provisions of the law applicable to such parts was approved by the courts in a decision by Judge Lacombe, *In re* Crowley (50 Fed., 465), decided in 1892. The goods there were wool robes, parts of the robes being embroidered and parts plain, stated on the invoice as entireties and assessed as "manufactures of worsted,

embroidered." The Circuit Court for the Southern District of New York upheld a decision of the Board of General Appraisers separating the parts of the robes embroidered from those plain and rating them separately for duty at different rates under applicable paragraphs of the act. On appeal the principle was affirmed by the United States Circuit Court of Appeals for the Second District, *In re* Crowley (55 Fed., 283).

In United States *v.* Hensel (98 Fed., 418), the same court of appeals applied the principle to a different state of facts. The frames of dutiable oil paintings were held dutiable, the court expressly resting the decision, not as coverings or holders thereof at the same rate under the customs administrative law but as separate entireties and importations. The adjudication, it is instructive to note, was expressly based by the court upon the established practice of the Treasury Department.

The principle seems first to have been applied by the Board of General Appraisers in the more immediately related case of Heilbrunn & Co.'s case, G. A. 2484 (T. D. 14762), decided in 1894. That case concerned penholders and pens, the pens having been imported with the penholders and as parts thereof or as accessory thereto. The board held them separately ratable for duty, the pens being provided for in paragraph 204 of the tariff act of 1890 and the holders under paragraph 205 providing for "penholders or parts thereof." The case was rested upon *In re* Crowley, *supra*.

In Noons's case, G. A. 4731 (T. D. 22378), the question decided in G. A. 2484 (T. D. 14762) was again before the board, and decided in 1900 with like result. That case arose under similar provisions of the tariff act of 1897.

In Borgfeldt & Co.'s case, G. A. 4976 (T. D. 23214), decided in 1901, an appeal to the Board of General Appraisers by this appellee, the the precise question was again decided by the board. In that case the article was composed of a metal holder made to hold a reversible tube at either end, in one of which reversible tubes there was a penholder with a pen, and in the other a lead pencil. The board held the merchandise not dutiable as an entirety but separately dutiable, the pens under the provisions of paragraph 186 of the tariff act of 1897, providing for "pens, metallic," the pencils under paragraph 456, *supra*, and the metal tubes as manufactures of metal under paragraph 193 of that act.

In Irwin & Sons case, G. A. 6203 (T. D. 26851), decided in 1905, the principle was again affirmed by the Board of General Appraisers, the subject matter of decision being pen points and barrels and wooden holders.

In Fillmann, Lee & Happel case, Abstract 17048 (T. D. 28450). decided in 1907, the Board of General Appraisers again affirmed the

principle, holding that certain combination lead pencils, metal holders, and cigar attachments were separately dutiable under the appropriate paragraphs of the tariff act of 1897. There seems, therefore, to have been a uniform course of decision holding that within the tariff provisions for "pencils of wood filled with lead" were uniformly included the pencil portion of importations similar to these for a period of at least a quarter of a century.

The Congress in enacting the several tariff acts, including that of 1913, reenacted the words substantially *in hæc verba*, thereby legislatively adopting the uniform construction put upon them by this long and uniform course of judicial construction.

The court has no other alternative, therefore, in deference to well-settled rules of construction, than to hold that the amplitude of that paragraph is sufficient and was intended by Congress to cover the merchandise in question and to so rate them for duty.

An instructive statutory side light upon the intent of the Congress here sought to be ascertained is afforded by contemporary legislation and decision. In Irwin & Sons case, *supra*, the board in 1905 had held that combination penholders of metal tubes, pens, and pencils were separately ratable for duty under three different paragraphs of the act. Congress at its next revision of the tariff law, obviously intending to meet that situation and decision, by paragraph 187 of the tariff act of 1909 (reenacted in the act of 1913 as a part of paragraph 157), enacted a provision for "combination penholders, comprising penholder, pencil, rubber eraser, automatic stamp, or other attachment, * * * : *Provided*, That pens and penholders shall be assessed for duty separately." On January 30, 1913, in B. Ilfelder & Co.'s case, Abstract 31191 (T. D. 33145), decided prior to the enactment of the present act, the board reviewing this provision held it legislatively constituted the particular combinations of holders, pens, and pencils an "entirety." Equally true Congress by the provision, obviously providing against any possible construction of the provision to the contrary, declared that pens and penholders should be separately assessed. Herein is made clear the intent of Congress that *only* the particular combination of the three stated parts should be held an entirety, leaving undisturbed the long established practice as to other combinations *in pari materia*. Congress having considered this judicial course and legislated with reference to one phrase thereof only, this court does not feel justified in judicially extending that legislation in further revising the earlier and long-established practice. Indeed the course of Congress may well be deemed an implied approval of all such not legislatively changed.

It was declared by this court in an early decision, Goussios & Co. *et al. v.* United States (2 Ct. Cust. Appls., 317; T. D. 32051), that the rule of administrative construction is a *master rule*. That rule has been so often reaffirmed and applied by this and the Supreme Court

that its determinative force, where applicable, can not be questioned. See Shallus *v.* United States (1 Ct. Cust. Appls., 556; T. D. 31552); United States *v.* Myers (1 Ct. Cust. Appls., 257; T. D. 31301); Salomon *v.* United States (2 Ct. Cust. Appls., 92; T. D. 31635); Bloomingdale Bros. *v.* United States (3 Ct. Cust. Appls., 204; T. D. 32530); United States *v.* Post & Co. (3 Ct. Cust. Appls., 260; T. D. 32568); Psaki Bros. *v.* United States (3 Ct. Cust. Appls., 479; T. D. 33122); Kronfeld, Saunders & Co. *et al. v.* United States (5 Ct. Cust. Appls., 222; T. D. 34399); Ulmann · & Co. *v.* United States (5 Ct. Cust. Appls., 357; T. D. 34551); United States *v.* Steeb & Co. (6 Ct. Cust. Appls., 275; T. D. 35503); Edwards's Lessee *v.* Darby (25 U. S., 206); Pennoyer *v.* McConnaughy (140 U. S., 1); Copper Queen Mining Co. *v.* Arizona Board (206 U. S., 474); United States *v.* Midwest Oil Co. (236 U. S., 459).

The court, therefore, is of the opinion that there has been such a legislative, administrative, and judicial construction rating the parts of such combinations separately for dutiable purposes, long established and uniformly continued, that it can not, except in violent and unwarranted disregard of well-settled rules of statutory construction, do other than hold such parts separately dutiable and reverse the contrary decision of the Board of General Appraisers. It is accordingly decreed.

*Reversed.*