United States *v.* John Wanamaker, Philadelphia, Inc. (No. 3530)[1]

United States Court of Customs and Patent Appeals, January 3, 1933

*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. McKenna,* special attorney, of counsel), for the United States.
*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument December 5, 1932, by Mr. McKenna and Mr. Tompkins]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Garrett, Judge, delivered the opinion of the court:

This suit, arising over an importation of merchandise at the port of Philadelphia, Pa., under the Tariff Act of 1930, involves a question of entireties.

The merchandise is described in the official report of the collector of customs as "Women's leather hand bag, fitted with mirror, purse and *strap watch.*" (Italics ours.)

An exhibit on file shows that a small watch is attached at each of its ends to straps, which straps are in turn attached rather tightly to the sides of the bag. The watch fills what, without it or something similar in size, would be a gap in the strap. In a way the watch constitutes a part of or a link in the strap.

The collector classified the merchandise as though the bag and the watch were separate articles. The importer claims them to constitute an entirety.

The bag, being in chief value of leather, was assessed with duty at 35 per centum ad valorem under the provisions of paragraph 1531, Tariff Act of 1930. The watch movements were classified under paragraph 367 (a) of said act, and the watch case under paragraph 367 (f) thereof.

[1] T. D. 46132.

Importer protested, claiming the article to be an entirety and assessable at either 35 per centum ad valorem or 50 per centum ad valorem under the provisions of paragraph 1531 of said act.

The United States Customs Court sustained "the 35 per cent claim," citing as controlling authority the decision of this court, affirming that of the trial tribunal, in *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232.

The pertinent parts of the respective paragraphs at issue read:

PAR. 1531. Bags, * * * pocketbooks, * * * wholly or in chief value of leather * * * not specially provided for, 35 per centum ad valorem; any of the foregoing permanently fitted and furnished with travelling, bottle, drinking, dining or luncheon, sewing, manicure, or similar sets, 50 per centum ad valorem.

PAR. 367. (a) Watch movements, * * * whether or not designed to be worn or carried on or about the person, all the foregoing if less than one and seventy-seven one-hundredths inches wide, whether or not in cases, containers, or housings:

(1) * * * if six-tenths of one inch or less wide, $2.50 each;

PAR. 367. (f) All cases, * * * suitable for the enclosure of any of the foregoing movements, * * * whether or not containing such movements, * * * and whether finished or unfinished, complete or incomplete, * * * *.

* * * * * * *

(4) if of base metal (and not containing gold, silver, or platinum), 20 cents each and 45 per centum ad valorem;

It is argued by counsel for the Government that the respective parts which compose the article at issue are distinct, that is, that the bag is one article of commerce and the watch another; that the mere fact that they are united at the time of importation does not require the application of the doctrine of entireties; that, on the contrary, it is a fundamental principle, enunciated in a long line of decisions, that there shall be separate classifications whenever long-continued judicial construction or administrative practice or "congressional practice" requires them; that there have been judicial decisions, such as that in *United States* v. *Borgfeldt & Co.*, 7 Ct. Cust. Appls. 367, T. D. 36909, which are in point; that in all tariff acts from 1883 until 1930 (except that of 1894, which provided for watches and parts thereof) specific provision has been made for watch movements and watch cases separately; that from 1890 to 1909 leather hand bags were provided for as manufactures of leather, and from 1909 to 1930 provided for specifically, that is, *eo nomine;* that this manifests a definite purpose on the part of Congress of having these constituent units of the involved merchandise separately classified, and that the court below erred in holding them to be entireties.

Appellee relies largely upon the *Altman* case, *supra,* and upon *Freedman & Slater* v. *United States*, 17 C. C. P. A. (Customs) 104, T. D. 43431. In the latter case the question of entireties was not presented, but appellee cites certain reasoning therein.

Mr. Deal, assistant buyer of leather goods for importer, was called by the latter as a witness. He testified that the articles in question were always sold as entireties; that the watch was never removed from the bag and sold separately, and that the merchandise was carried in the leather-bag department of importer's large department store.

It appears from the record that the appraised value of each leather bag is $6, that of each "watch movements" is 55 cents, and that of each watch casing is 20 cents; and attention is directed to the fact that the watch movements, of the value of only 55 cents, as separately assessed by the collector, take the specific duty of $2.50, while the case, of the value of only 20 cents, takes a specific duty equal to its value, plus 45 per centum ad valorem, or a total for each case of 29 cents.

In other words, upon each of the entire articles, whose total value is $6.75, the collector, apparently, took a duty of $4.89. If assessed as an entirety in accordance with the claims of importer's protest the total duty upon each article would be $3.37½.

We are unable to see, however, wherein the matter of relative values is of any moment in determining the question of entireties. Had the watches been separately imported they admittedly would have carried the respective specific movements and case duties named in the pertinent paragraphs, Congress having seen fit to fix those rates. Also, it may be noted that bags of similar value as to their leather parts, but having watches of much higher value attached thereto, would, apparently (so long as the leather part remains the part of chief value), be imported at the same ad valorem rate of 50 per centum if importer's contention be sound.

Questions of entirety almost always present points of difficulty for adjudication, and this suit is no exception to that rule. However, considering the nature of these articles, we feel constrained to differ with the trial court as to their being entireties for tariff purposes. The completed article is obviously somewhat of a novelty, designed to meet, or perhaps to create, a fashion. There is no natural affinity or relation between a leather hand bag and a watch. Neither is normally essential to the completeness of the other.

The trial court quoted from this court's opinion in the *Altman* case, *supra*, as follows:

* * * if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

This language is quite broad and, standing alone, might justify the application which the trial court made of it to the instant issue. But, after all, the pronouncement should be weighed and considered in connection with the merchandise there involved and the statutes there applicable. We there had before us "untrimmed cotton corsets" and "lace trimmings," imported in separate parcels but in the same general containers. The structure of the respective articles was such as that it was obviously intended they should be brought together in a finished product after importation. Each was necessary to the other to produce a new article satisfactory for eventual use. There was a natural and essential connection between the two. For one at least of them there was no *eo nomine* provision in the Tariff Act of 1922 under which the importation was made.

Here we have three distinct entities, to wit, a bag or pocketbook, in chief value of leather; watch movements; and watch case, for each of which *eo nomine* provision is made in separate paragraphs of the Tariff Act of 1930.

The fact that they were assembled into a unit and so imported has not caused any part to lose its identity or its normal use.

In our opinion, the collector's classification was correct. Therefore, the judgment of the United States Customs Court is *reversed*.

BLAND and LENROOT, Judges, concur in the conclusion.

*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. McKenna,* special attorney, of counsel), for the United States.

*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellee.