## *In re* CROWLY.

*(Circuit Court, S. D. New York. February 25, 1892.)*

CUSTOMS DUTIES—GOODS INVOICED AS ENTIRETIES—SEGREGATION.

Certain importations were entered at the port of New York in February and March, 1891, consisting of goods invoiced as wool robes with silk embroidery, silk and metal embroidery, and silk and cotton embroidery, which were in fact combination dress patterns, composed of worsted material separated into two parts, one part containing the embroidery and the other part being plain, the value of each robe, consisting of two pieces, as above, being stated on the invoice as an entirety, and the value of each robe being given in francs. Said merchandise was classified for duty by the collector as "manufactures of worsted embroidered," and duty assessed thereon at the rate of 60 cents per pound and 60 per cent. *ad valorem*, under paragraph 398, Schedule K, and the proviso contained in paragraph 373 of Schedule J of the tariff act of October 1, 1890. Protest by the importer, claiming that the merchandise was dutiable under Schedule K, par. 395, of said tariff act, at the rate of 44 cents per pound and 50 per cent. *ad valorem*. *Held*, that the decision of the board of general appraisers, segregating the values of the robes so as to assess the duty upon the embroidered and plain parts of each robe separately, should be affirmed, but that the court would not consider the question of the correctness of the general appraisers' decision as to the rate of duty imposed upon the goods, inasmuch as no statement of errors against the decision of the board of general appraisers had been filed in the circuit court by the importer.

At Law.

Application by the collector of the port of New York, under the provisions of section 15 of the act of congress entitled "An act to simplify the laws in relation to the collection of the revenues," approved June 10, 1890, for a review of the decision of the board of general appraisers at this port, separating or segregating the values for duty of certain merchandise imported during the months of February and March, 1891, and invoiced as entireties as wool robes with silk embroidery, some with silk and metal embroidery, and some with silk and cotton embroidery, which goods were classified by the collector for duty as "manufactures of worsted embroidered, 60 / 60," and duty assessed thereon at the rate of 60 cents per pound and 60 per cent. *ad valorem,* under the provisions of Schedule K, par. 398, and the proviso contained in paragraph 373 of Schedule J of the tariff act of October 1, 1890. Against this classification the importer had protested, claiming that the merchandise was dutiable under Schedule K, paragraph 395, of said tariff act, at the rate of 44 cents per pound and 50 per cent. *ad valorem.* Testimony was offered by the importer before the board of general appraisers, showing that the merchandise consisted of robes or combination dress patterns, composed of worsted goods embroidered with silk and other materials, as mentioned in the invoices; that each robe consisted of about 10 meters of material, separated into two parts,—one part, of about 2 meters, being embroidered, and the other part, of 8 meters, being plain, in the case of each of the robes. It appeared, also, that for the purposes for which these goods were intended the parts could not be readily used or sold, one without the other, while the embroidered piece might be sold separately, as a piece of trimming, especially if the remainder of the robe had been spoiled, although in that case it would be sold at a reduced value from the regular price. It was shown from the invoices offered in evidence that the articles were invoiced at a stated price in francs for each robe, and that the parts were not divided on the invoices into plain and embroidered, but the robes were invoiced as entireties. The board of general appraisers overruled the protest of the importer, holding that the proviso in paragraph 373 provided that textile fabrics composed of wool, when embroidered by hand or machinery, should be treated for dutiable purposes as if they were embroideries composed of wool, under paragraph 398. The board further held that the separated parts of the so-called robes should have been segregated as to the values of the embroidered and plain materials, which were subject to different rates of duty, and the appraisers should have appraised the value of the respective parts, and the duties fixed by law should have been imposed thereon, and ordered that the entries should be so reliquidated. The importer took an appeal to the circuit court. On the trial in the circuit court, it was argued in behalf of the collector and the government that as neither the importer nor the collector had signified dissatisfaction with the appraisement of the merchandise as entireties according to the in-

voices, under section 13 of the act of June 10, 1890, it was not within the power of the board of general appraisers to order a reappraisement of the merchandise, which would be necessary to determine the value of the separated parts, and that for the purpose of such reappraisement the board of general appraisers was only an appellate tribunal. It was further argued that the importer having filed in the circuit court no statement of errors against the decision of the board of general appraisers, under section 15 of the above-mentioned act of June 10, 1890, the only matter before the circuit court was the determination of the question raised by the collector's appeal, which was only that the board erred in ordering the values of the separated parts of the robes to be segregated for the purposes of duty.

*Edward Mitchell*, U. S. Atty., and *James T. Van Rensselaer*, Asst. U. S. Atty.

*Curie, Smith & Mackie*, for importer.

LACOMBE, Circuit Judge. The decision of the board of appraisers is affirmed, and the court declines to go into the question as to whether they correctly determined that the silk embroidery made the article upon which it was placed dutiable as if it had been embroidered in wool, for the reason that there has been no statement of any error of law or fact complained of, touching such decision, filed in this court, or any application for review thereof in that particular.