UNITED STATES *v.* MARK CROSS CO. (No. 1021).[1]

1. SETS.

The term "set" as used in paragraph 452, tariff act of 1909, is employed there in its popular rather than in its strict etymological sense, and it is properly to be taken as meaning two or more articles.

2. TRAVELING SET.

Any combination of toilet articles comes within the definition of "traveling set," provided they are made up to be carried by the traveler and are designed for the toilet or for the care of his person or clothing while traveling. Articles not so designed are not traveling sets.

United States Court of Customs Appeals, May 26, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29847 (T. D. 32842).

[Affirmed as to part and reversed as to part.]

*William L. Wemple,* Assistant Attorney General (*Leland N. Wood,* assistant attorney, of counsel), for the United States.
*Walden & Webster* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Certain cases, boxes, and hand bags made of leather and fitted with toilet or other articles designed for the personal use and con-

[1] Reported in T. D. 33489 (24 Treas. Dec., 892).

venience of the owner were assessed for duty by the collector of customs at the port of New York at 50 per cent ad valorem under paragraph 452 of the tariff act of 1909, the pertinent part of which paragraph is as follows:

452. Bags, * * * card cases, * * * jewel boxes, * * *, and other boxes and cases, made wholly of or in chief value of leather, * * * forty per centum ad valorem; any of the foregoing permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon and similar sets, fifty per centum ad valorem.

The importer protested that the leather cases, bags, and boxes were not fitted or furnished with traveling, bottle, drinking, dining, luncheon, or similar sets, and that therefore the goods were not dutiable at 50 per cent ad valorem under the last clause of paragraph 452, but at 40 per cent ad valorem under the first clause of said paragraph if composed in chief value of leather, or at 45 per cent ad valorem under the provisions of paragraph 199 if composed in chief value of metal. Paragraph 199, upon which the importers partly relied, is as follows:

199. Articles or wares not specially provided for in this section, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

The Board of General Appraisers held that the following articles were not permanently fitted with traveling or other sets and that being composed in chief value of leather they were dutiable at 40 per cent ad valorem under the first clause of paragraph 452, to wit:

1. Ladies' hand bags, containing nail file, scent bottle, hairpin bottle, clothes brush, hairbrush, and mirror. (Exhibit 2.)

2. Manicure cases, containing corn knife, cuticle scissors, nail scissors, and nail polisher, and provided with vacant leather loops to hold five additional articles. (Exhibit 4.)

3. Manicure cases, containing nail scraper, nail scissors, two small boxes for nail powder and coloring paste, buffer, and provided with vacant leather loops to hold three other articles. (Exhibit 10.)

4. Brush cases, containing two brushes. (Exhibit 17.)

5. Men's toilet cases, containing metal soap box, tooth brush and bone case therefor, nail scissors, nail file; bottle for holding dentifrice or some other substance, and provided with vacant leather loops for holding two other articles. (Exhibit 18.)

6. Men's toilet cases, containing comb, celluloid soap box, tooth-brush and celluloid case therefor, nail brush, celluloid tooth powder case, and provided with vacant leather loops for holding two other articles. (Exhibit 18.)

7. Men's toilet cases, containing metal soap box, bottle for dentifrice or other substance, bottle for shaving brush, bottle for shaving

soap, toothbrush in bone case, combination buttonhook and shoe-horn, nail scissors, nail file, and provided with vacant leather loops to hold three other articles.    (Exhibit 18.)

8. Ladies' hand bags, containing hairbrush, clothes brush, hairpin holder, scent bottle, metal box containing powder puff and mirror set in cover, metal powder box, nail file, buttonhook, and comb. (Exhibit 19.)

9. Leather boxes, containing two small drinking glasses.    (Exhibit 22.)

The board found that the following leather cases and boxes were not fitted or furnished within the meaning of paragraph 452:

(a) Leather cases for men, containing nail file, knife blade, lead pencil, and buttonhook, with accompanying metal holders or handles. (Exhibit 3.)

(b) Leather boxes containing two metal drinking cups.    (Exhibit 26.)

Accordingly the cases were considered as entireties by the board and as metal was the component material of chief value they were held to be dutiable at 45 per cent ad valorem under the provisions of paragraph 199.

From the decision of the board the Government appealed and now insists that all the bags, boxes, and cases which were made the subjects of protest by the importer are furnished and fitted as described in paragraph 452 and are therefore dutiable as assessed by the collector.

The testimony produced on the hearing went no further than to name and identify the various articles which were the subject of protest and to establish that the component of chief value of the several cases, bags, and boxes was as found by the board.    There was no evidence of any kind offered or produced showing or tending to show that the tariff designations "traveling, bottle, drinking, dining, or luncheon and similar sets" had a general, uniform, and definite signification in the trade different from their ordinary meaning or that it was generally, uniformly, and definitely understood in the trade that such sets covered any particular articles or numbers of articles of personal use.    The case is therefore embarrassed by no question of commercial designation and the sole issue presented for determination is whether the bags, boxes, and cases are or are not permanently fitted or furnished with traveling, bottle, drinking, dining, luncheon, or similar sets within the common, ordinary meaning of those terms.

The manicure cases, hand bags, and toilet cases represented by the several exhibits submitted by the record are fitted and furnished with various appliances and conveniences designed for the care of

the person.  Such articles and accessories when found in the home are generally known as toilet articles, but when put up or assembled in a form which permits of their being conveniently carried by the traveler as part of the baggage to which he has daily access while traveling they may be and are properly designated as traveling sets. The fact that some of the ladies' hand bags are called shopping bags and others carriage bags and that the things with which they are fitted may be used by ladies while shopping or driving is not inconsistent with the idea that the toilet sets with which such bags are supplied are traveling sets, nor does it militate against the proposition that the bags so fitted are especially suitable for the use of women when traveling.

The manicure cases, ladies' hand bags, and men's toilet cases, furnished as described, could, of course, be used in the home, but that fact can hardly be regarded as sufficient to remove them from the category of cases and bags fitted with traveling sets, especially as the articles themselves make it patent that they are not intended for the home, but for the use of the traveler or owner when absence from the usual place of abode precludes daily access to the dressing table or lavatory.

Some of the leather cases are not supplied with the full number of articles for which space is provided and on that ground the importer bases the argument that such cases are not fitted with complete sets and that therefore they are not permanently furnished with traveling sets within the meaning of the statute.  We do not think the contention is well founded.  Whether the components of a set are few or many and whether one article rather than another shall form a part of it depends on the taste, the preference, and condition in life of the individual, and consequently the term "traveling sets" as popularly used has never been confined to any definite, specific collection of articles.  To hold that vacant loops in a case or bag proved the incompleteness of a traveling set would result in the anomaly that a case in which all the loops were filled would come in at one rate of duty and a similar case containing exactly the same articles, but with extra loops vacant, would come in at another rate. In our opinion any combination of toilet articles comes within the definition of "traveling set" provided the articles are made up to be carried by the traveler and are designed for the toilet or for the care of his person or clothing while traveling.

It may be that the expression "traveling sets" has a special meaning in the trade which limits it to certain articles or to certain definite combinations of things useful for the traveler, but if so it was the duty of the importer to establish that fact by a preponderance of competent testimony.  Having failed to do so, he is

bound by the popular meaning of the term and the decision of the collector.

The cases containing two glasses, the cases containing two metal cups, and the cases containing two very thin, flat brushes are, we think, made up for the personal use, comfort, and convenience of the traveler while traveling. It is insisted, however, by the importer that two articles do not constitute a set and that therefore the cases fitted with two glasses, two cups, or two brushes are not sets within the intention of paragraph 452.

It is true, as contended by counsel for the appellee, that the Standard Dictionary does define a set to be a collection or group of things of the same general character intended to be used together and more than two in number. Etymologically speaking, that definition may be strictly correct. Nevertheless, we can not ignore the fact that a usage has grown up which persists in applying the term "set" to two things designed to be used together, to two things of different character intended to be used as complements of each other, and to two things having some such relation to each other as resemblance or natural affinity. And so we have in common use such expressions as "a set of cuff buttons," "a set of military brushes," meaning two like brushes for the hair, "a set of fencing foils," "a set of bicycle tires," "a set of furs," which may consist only of a fur muff and fur cape or neckpiece, "a set of colors," meaning the national and a regimental flag, "a set of clothes brushes," meaning two brushes for the clothing, one softer than the other. Possibly in these cases it would be better English to say "a pair" or "a couple" instead of "a set." Still, taking into account the fact that the majority of lexicographers do not expressly limit the term "set" to two articles we think the common usage has been long enough continued and sufficiently general to justify us in concluding that the word "set" in paragraph 452 was used by Congress in its popular rather than in its strict etymological sense.

The flat leather cases for men, fitted to be carried in the vest pocket, and containing a nail file, knife blade, lead pencil, buttonhook, and metal holders for the several implements are not specially designed or intended for the use of the traveler. In our opinion these particular leather cases rank with leather cases for holding eyeglasses or spectacles, and inasmuch as they are appointed for every day use they do not fall within the designation of cases furnished with traveling sets. For the same reason they are not cases fitted with sets similar to traveling sets.

As to the flat leather cases, marked "Exhibit 3," the decision of the Board of General Appraisers is *affirmed*, and as to the rest of the goods it is *reversed*.