UNITED STATES *v.* VON OEFELE (No. 1042).[1]

REHEARING.

>This cause was reversed in a former decision (4 Ct. Cust. Appls., 15; T. D. 33200), the appellee, however, being adjudged a more favorable rate than that he had obtained from the board. There was no cross appeal. A party who is dissatisfied with the judgment of a lower tribunal, in order to obtain a review thereof and a judgment in an appellate tribunal more favorable to himself, must take his own appeal, and failing in that, can be heard only in support of the judgment or decree from which the appeal is taken by the other party.

## United States Court of Customs Appeals, May 26, 1913.

MOTION for rehearing.

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Frank L. Lawrence*, special attorney, on the brief), for the United States.

*Walden & Webster* for the appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

*Per Curiam:* This motion for rehearing was filed by the Government March 24, 1913, and seasonably followed our opinion in the original case (T. D. 33200). The importer filed no objection to the granting of the motion, and rehearing was ordered. We are now advised by the Government that the importer does not desire to be further heard and proceed to dispose of the motion without reargument.

The issues in the main case were as follows: The collector had assessed the importation as dutiable under paragraph 95 of the tariff act of 1909 at 35 per cent ad valorem. The Board of General Appraisers had held the same dutiable as a nonenumerated manufactured article under paragraph 480 of the same act at 20 per cent ad valorem. At the hearing of the case in this court it was not contended by either party that the merchandise was dutiable as found by the board. The Government claimed that it should have been assessed at 25 per cent ad valorem under paragraph 65 as a medicinal preparation, while the importer urged that it was properly dutiable at $2 per ton as wrought or manufactured earth under paragraph 90, which was one claim made in his protest. We held this paragraph was applicable, and reversed and remanded the cause with directions that the entry be so reliquidated. The importer, however, had filed no cross appeal.

It appears, as we understand, from the files in the case, although the printed record did not disclose such fact and no reference thereto was made by either party on the hearing, that the amount of duty required to be paid by the importer to the Government on the reliq-

---

[1] Reported in T. D. 33492 (24 Treas. Dec., 902).

uidation, as we directed the same to be made, was less than the amount of duty which would have been paid if the reliquidation had been made as ordered by the board.

The Government urges in the brief accompanying its motion for rehearing that the importer not having appealed from the judgment of the board is not entitled to obtain in this court, at the appeal of the Government, a judgment more favorable to him than that rendered by the board. We think this contention is sound.

A party who is dissatisfied with the judgment of a lower tribunal in order to obtain a review thereof and a judgment in an appellate tribunal more favorable to himself than that of the judgment under review must take his appeal, and, failing in that, can be heard only in support of the judgment or decree from which the appeal is taken by the other party. The *Maria Martin* (79 U. S., 31); United States *v.* Lies (170 U. S., 628); *In re* Crowly (50 Fed., 465); *In re* Gribbon (55 Fed., 874).

The result is that while we adhere to and affirm our conclusion as expressed in the opinion handed down as to the proper paragraph under which duty should have been assessed upon the importation, nevertheless, the importer having failed to appeal from the decision of the board, the order in the main case should have been that the judgment of the Board of General Appraisers was reversed, and it is herewith so *modified.*