UNITED STATES *v.* BARTLEY BROS. & HALL (NOS. 1284, 1285).[1]

TRAVELING SETS—TOURIST OR WRITING CASES.

The included penholder, lead pencil, and lead-pencil holder of the importation, when put up or assembled in a form which permits of their being conveniently carried by a traveler as a part of the baggage to which he has daily access, may be, and properly are, designated as traveling sets. They were dutiable as such under paragraph 452, tariff act of 1909.—United States *v.* Mark Cross Co. (4 Ct. Cust. Appls., 274; T. D. 33489).

United States Court of Customs Appeals, May 4, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33671 (T. D. 33763)

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *William A. Robertson,* special attorney, on the brief), for the United States.

*Brown & Gerry* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise the subject of this appeal is represented by two samples marked, respectively, Exhibit 1, 622865, and Exhibit 2, 629525. They consist of leather cases having in each a number of receptacles of sufficient size and proper adjustment to hold stamps, postcards, writing paper, and envelopes. There is in each, in addition, two loops, calculated to hold a lead pencil, pen, or other similar article.

The facts shown by the testimony are stipulated in the record. This stipulation recites—

That these exhibits are composed in chief value of leather; that they could be used for traveling and are sold by the importers under the name of tourist or writing cases.

The question presented by the appeal is whether or not this merchandise comes within the last provision of paragraph 452 of the tariff act of 1909 as being cases made wholly or in chief value of leather "permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon and similar sets." The paragraph as an entirety may be quoted as follows:

452. Bags, baskets, belts, satchels, card cases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, made wholly of or in chief value of leather, not jewelry, and manufactures of leather, or of which leather is the component material of chief value, not specially provided for in this section, forty per centum ad valorem; any of the foregoing permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon and similar sets, fifty per centum ad valorem.

The Board of General Appraisers reversed the collector, holding that that portion of the importation represented by the above-

[1] Reported in T. D. 34441 (26 Treas. Dec., 767).

described samples did not fall for dutiable purposes within the last part of paragraph 452, and accordingly sustained the protests. The Government appeals.

An analysis of paragraph 452 discloses that the application of the last provision thereof is made to depend not upon the character of the bag, box, or case, or the method of its construction, but upon the character of its contents. The fact that the Congress has therein enumerated the character of the sets covered thereby as "traveling, bottle, drinking, dining or luncheon and similar sets," indicates that it was not the intention of Congress that all bags or cases which, though otherwise within the paragraph, might be permanently fitted with articles, should fall for dutiable purposes within this provision of the law, but only that limited number which fell within the enumerated designations or were of the same character. The internal logic of the paragraph argues that the Congress assumed that there would be permanently fitted bags, boxes, cases, etc., which would not fall for dutiable purposes within the provisions of this portion of the paragraph so precisely limited. Likewise, the employment by the Congress of the word "permanently" in the last provision of the paragraph manifests a further limitation upon its amplitude. Being a part of the legislative expression it must be given some effect, and when it is sought to classify articles for dutiable purposes under this provision of the law due regard must be had to this prescribed limitation by Congress and full effect given thereto.

This court in United States v. Mark Cross Co. (4 Ct. Cust. Appls., 274; T. D. 33489) analyzed and construed this provision of the law. The case is here applicable: Exhibit 1, supra, contains within the receptacles of the case a single card containing certain postal information, some very plain writing paper and envelopes, a penholder, and a lead pencil. Exhibit 2, supra, is identically equipped save that in lieu of the single lead pencil there is a lead pencil holder as well as penholder. We are not inclined in the presence of the word "permanently" in the statute to hold that stationery, such as would be entirely consumed by use, comes within the legislative description. Permanently, however, should not be held to mean everlasting. Ordinarily, while paper and envelopes are exhausted by a single use, lead pencils and penholders are of considerable duration, extending, no doubt, far beyond a single or several journeys, and in many instances might prove as durable or lasting as the case itself. A lead pencil holder, or lead pencil, and a penholder, constituting the furnishings and fittings of a traveling case, are permanent articles, and such are ordinarily incident to the necessities and conveniences of a traveler. The statute seems to include within this provision of the law whatever may be classed as a "traveling" set as well as "bottle," "drinking," "dining," or "luncheon and similar" sets.

In United States *v.* Mark Cross Co., *supra,* this court held that two articles would constitute a "set" within this provision of the law, and paraphrasing that decision so as to be here applicable we may well say, with reference to the included penholder, lead pencil, and lead-pencil holder, that "such articles and accessories when found in the home are generally known as writing articles, but when put up or assembled in a form which permits of their being conveniently carried by the traveler as a part of the baggage to which he has daily access while traveling they may be and properly are designated as traveling sets." True it is, as claimed by counsel for the importers, that the penholder without the pen and the lead-pencil holder without the lead are incomplete articles. They are, nevertheless, not less complete for their intended use than are the bottle, drinking, dining, or luncheon sets unfilled. The permanent part of such articles and the whole thereof is present, and that is what is required by the statute shall be present. The absence of the pen from the penholder, of the lead from the lead-pencil holder, and of the contents from the bottle, or drinking, or dining, or luncheon sets is the absence of but the temporary, changeable, usable portion or accessory thereof, and therefore not a permanent portion. The entire permanent portion, however, of such articles is present, and being present for that reason the statute is satisfied.

*Reversed.*