UNITED STATES *v.* GLÜCK & SONS ET AL. (No. 1684).[1]

1. PLEADING—PROTEST.

A general objection, originating in this court, to the sufficiency of the protest, which may be technically multifarious, but which contains averments covering all the grounds upon which the Board of General Appraisers proceeded, is without merit.

---

[1] T. D. 37160 (32 Treas. Dec., 433).

2. JUDGMENT ON APPEAL.

No judgment more favorable to the appellee than the one appealed from will be rendered by this court.—United States v. Von Oefele (4 Ct. Cust. Appls., 284; T. D. 33492).

3. LEATHER-CASED POCKET SETS.

Small leather cases, appropriate to be carried in the vest pocket, fitted with pocketknives, penknives or erasers, nail files, wooden lead pencils, and scissors (singly or in various combinations), are not specially designed or intended for the use of the traveler and are not dutiable as cases fitted with traveling sets under paragraph 360, tariff act of 1913.—United States v. Cross Co. (4 Ct. Cust. Appls., 274; T. D. 33489). They are dutiable as "articles * * * designed to be * * * carried on or about the person" under paragraph 356.—Hensel v. United States (6 Ct. Cust. Appls., 162; T. D. 35434). In view of concession by counsel that the cases and contents shall be treated as entireties, the question of segregation and separate dutiability is not considered.

4. CONSTRUCTION, PARAGRAPH 360, TARIFF ACT OF 1913—LEATHER CASES, FITTED.

The provision of paragraph 360, tariff act of 1913, for leather cases fitted and furnished with traveling and similar sets treats the leather case as the distinguishing characteristic and claims it with its fittings for duty to the exclusion of other paragraphs under which the constituent fittings might have been dutiable.

5. POCKET TOILETS, LEATHER.

Small leather cases, fastening with metal clasps, fitted with various toilet implements and preparations, invoiced as "pocket toilets, leather," are dutiable under paragraph 360, tariff act of 1913, as leather cases fitted and furnished with traveling and similar sets.

6. LEATHER-CASED DESK SETS.

A desk set consisting of a long pair of shears and a letter opener in a sort of leather scabbard is dutiable as a nonenumerated metal article not plated with gold or silver, under paragraph 167, tariff act of 1913.

## United States Court of Customs Appeals, April 11, 1917.

APPEAL from Board of United States General Appraisers, G. A. 7842 (T. D. 35079). [Modified.]

Bert Hanson, Assistant Attorney General (Charles D. Lawrence, special attorney, of counsel), for the United States.

Comstock & Washburn (Albert H. Washburn of counsel) for appellees.

[Oral argument, May 16, 1916, by Mr. Hanson and Mr. Washburn; reargument Oct. 13, 1916, by Mr. Hanson and Mr. Lawrence and Mr. Washburn.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court: This case came on to be heard at the April term, 1916. After consideration of the case as presented a reargument was directed and among the questions suggested was whether the articles involved should be assessed as entireties or segregated into the constituent articles which went to make up the cases as they appeared upon entry.

The case having been reheard and both parties having agreed that the articles should be considered as entireties, we shall proceed to consider the case on its merits, treating this assumption as a binding concession on both sides.

A preliminary question is now made as to the sufficiency of the protest. An examination of the record fails to disclose that any objections were made to the protest on the hearing below. A general objection to the sufficiency of the protest appears among the assignments of error, but the original brief in this case, upon which the case was originally submitted, contained no discussion of that point, and now for the first time the question is raised.

The most that can be said in criticism of the protest is that it may be considered technically multifarious. There is no question that it contains averments covering all the grounds upon which the Board of General Appraisers proceeded, and we think that the objection coming at this time is without merit.

All the merchandise in this case was assessed at 60 per cent ad valorem under paragraph 356 of the act of 1913.

Excepting item 34, which the parol testimony shows to be "a desk set" consisting of a long pair of shears and a letter opener in a sort of leather scabbard, and of which there is no sample or exhibit, the merchandise may, for convenience, be divided into the following classes:

*Class 1.*—Exhibits 1 and 2, consisting of small leather cases fastening with metallic clasps.

In Exhibit 1 are a metal nail file, a small mirror with metal back and frame, a book with metal covers holding sheets of tissue paper covered with face powder, and a glass perfume flask having a glass stopper attached to a glass rod or dropper with a metal cap or cover fitted over one end of the same.

In Exhibit 2, which is a little larger and more elaborate than Exhibit 1, are to be found like articles and in addition a pair of small scissors and a metal-backed rubber comb.

These two exhibits are invoiced as "pocket toilets, leather." In each is an appropriate flap, pocket, or loop to receive and hold in place articles contained therein. The only witness who testified in the case and who was called by the importers said these exhibits were known as vanity cases in the trade, but proof of such a commercial designation was not attempted and is not claimed.

*Class 2.*—This class comprises Exhibits 3, 4, 5, 6, 7, 8, 9, and 12. Each of these exhibits is a small leather case, fastening either with a metal clasp or by passing a leather tongue under a leather band, and contains suitable pockets or loops to receive and hold the article or articles placed therein. Each contains from one to four of the following articles: Pocketknives, penknives or erasers, nail files, wooden lead pencils, and scissors, the only case containing but one article aside from the leather case being folding scissors, evidently designed to be carried on the person and not the ordinary scissors provided for elsewhere eo nomine. All the pocketknives have

folding blades and with one exception are apparently composed entirely of metal, the exception having a handle composed partly of a substance resembling ivory. The penknives or erasers have fixed blades. The handles of one pair of scissors are jointed in a manner to permit the scissors blades to be folded within the handles. Another article, which may be termed "spring scissors" for want of a better name, contains a spring which unless compressed by force keeps the blades open; has no finger or thumb holes in the handles, but to one handle a metal top or end is securely fixed. A metal cover therefor fits this metal end closely at a shoulder thereon and when in position compresses the spring and encases the blades. The handles of one other pair of scissors are covered in part by a substance resembling ivory. In other respects all these scissors appear to be of metal. The nail files are of metal except that the handle end of one is likewise covered with a substance resembling ivory, and with the exception of that file all others have a metallic top or end with a shoulder thereon and are in a metallic case fitted to the top end at the shoulder. The wooden lead pencils have a similar metallic top with a similar case of metal fitted in like manner. The penknives or erasers are similarly encased. Some of these covers and handles appear to be gold plated and others are of plain metal. Portions of the scissors with jointed handles are also similarly gold plated.

Both classes of merchandise were assessed as entireties and all the exhibits are given the number 764101, which is the number of one of the protests here involved.

After a careful discussion of the issues the Board of General Appraisers at the close of its opinion said:

We hold Exhibits 1 and 2 dutiable at 35 per cent ad valorem under paragraph 366 (being items 3017 and 3018); the articles represented by Exhibits 4, 5 [6], 9, and 12 (items 3026, 3028, 3003½, and 3002), the metal portion thereof being apparently gold plated, dutiable at 50 per cent ad valorem under paragraph 167; and those represented by Exhibits 3, 5, 7, and 8 (items 3025, 3027, 3001½N, and 3013), and item 34, invoiced as desk sets, dutiable at 20 per cent ad valorem under paragraph 167.

Protest 764101 is sustained to the extent indicated and the collector's decision reversed.

In protests 764233 and 764335 there is no claim for 50 per cent ad valorem under paragraph 167, therefore they are sustained as to Exhibits 1, 2, 3, 5, 7, and 8, and item 34 only, as indicated above, the collector's decision being reversed as to these items; but while not acquiesced in, affirmed as to items 3026, 3028, 3003½, and 3002 so far as those items may be covered by the last-mentioned protests.

The Government only appealed therefrom and we pause here to say that no judgment therefore can be here entered more favorable to the importers than was the judgment below. United States v. Von Oefele (4 Ct. Cust. Appls., 284; T. D. 33492).

The paragraphs directly involved are 356, upon which the Government relies, and 167 and 360, under which the board held the merchandise dutiable. We insert part of the first and all of the others:

356. * * * And articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate, and whether or not set with precious or semi-precious stones, * * *.

167. Articles. or wares not specially provided for in this section; if composed wholly or in part of platinum, gold, or silver, and articles or wares plated with gold or silver, and whether partly or wholly manufactured, 50 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with gold or silver, and whether partly or wholly manufactured, 20 per centum ad valorem.

360. Bags, baskets, belts, satchels, card cases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, made wholly of or in chief value of leather or parchment, not jewelry, and manufactures of leather or parchment, or of which leather or parchment is the component material of chief value, not specially provided for in this section, 30 per centum ad valorem; any of the foregoing permanently fitted and furnished with traveling, bottle, drinking, dining, luncheon and similar sets, 35 per centum ad valorem.

The Government here in effect assumes or contends that all these exhibits are classifiable as entireties and the importers do not otherwise claim.

It will be observed from the quoted part of the board's opinion that it held our first class dutiable at 35 per cent ad valorem under paragraph 360; that some of the articles in our second class are found dutiable at 50 per cent ad valorem under paragraph 167 as gold plated and the balance at 20 per cent ad valorem under the same paragraph. It also held that the desk sets were dutiable at the last-mentioned rate under the same paragraph.

The articles covered by class 2, consisting as they do of articles for the use of men, fitted to be carried in the vest pocket, containing pocketknife, penknife or eraser, a nail file, knife blade, lead pencil, and scissors, are not specially designed or intended for the use of the traveler. These articles do not, therefore, within the ruling in United States *v.* Cross Co. (4 Ct. Cust. Appls., 274; T. D. 33489), fall within paragraph 360. In that case similar articles were considered, and it was said:

The flat leather cases for men, fitted to be carried in the vest pocket, and containing a nail file, knife blade, lead pencil, buttonhook, and metal holders for the several implements are not specially designed or intended for the use of the traveler. In our opinion these particular leather cases rank with leather cases for holding eye-glasses or spectacles, and inasmuch as they are appointed for everyday use they do not fall within the designation of cases furnished with traveling sets.

If we apply the rule of Hensel *v.* United States (6 Ct. Cust. Appls., 162; T. D. 35434) to these articles, it would seem to follow that they

are dutiable under paragraph 356. This statement, we repeat, is made in view of the concession by both sides that the article is to be treated as an entirety.

The board treated the fact that the articles are to be considered as an entirety as removing them from paragraph 356 and placing the articles under the metal paragraph, for the reason that they are parts of an entirety composed of leather case and metal contents, and held that although the metal contents were chief value of the entirety, the leather cases take the merchandise out of paragraph 356.

We think the board was in error in taking this view as to this branch of the case. The several articles inclosed in the leather case were, if segregated, dutiable under paragraph 356, within the ruling of the Cross case. We think it should not be held that by placing these articles in a cheap leather case the dutiable status can be changed and the rate reduced from 60 per cent as fixed by paragraph 356 to 30 per cent under paragraph 360. Whether the articles might be segregated and the distinctively metal articles held dutiable under the metal paragraph and the leather cases under paragraph 360 is a question not presented upon this record. No such contention is made.

As to Exhibits 1 and 2, the question presented is quite different. There we have under paragraph 360 a distinct provision for the articles as leather cases, fitted and furnished with traveling and similar sets. There is no doubt that these items fall within paragraph 360 unless they are taken out of that paragraph by the provisions of paragraph 356. Without in any way departing from the rule of Hensel v. United States, supra, we think that this may properly be said, that paragraph 360 deals with articles of this character, treating the leather case as the distinguishing characteristic of the article, the badge, so to speak, by which the dutiable character of the article is to be determined, and by providing that such cases when fitted for certain purposes are dutiable at 35 per cent, it is clearly within the contemplation of the paragraph that other paragraphs making provision for the articles which go to make up the composite article of a fitted leather case must be subordinated to the provisions of paragraph 360 and must give place to such paragraph, and that even though the constituents of this fitted leather case might, when introduced separately, be dutiable at a higher rate. In other words, Congress has seen fit to provide that when the leather case is fitted with articles appropriate for such a purpose as a traveling or similar set, its classification shall be fixed by paragraph 360.

As to items represented by Exhibits 1 and 2, the decision of the board is affirmed, and also as it relates to the desk set. As to the

remaining articles the decision of the board is reversed and the importation is held dutiable under paragraph 356 at 60 per cent. *Modified.*

BARBER, Judge, and DE VRIES, Judge, concurring specially: We concur specially in the foregoing opinion upon the grounds that the concession that the importations are entireties is treated as binding upon the court. It is our view that many at least of the importations herein are not entireties or dutiable as such but are properly dutiable, neither under paragraphs 356 or 360 of the current tariff act, but under the appropriate provision in that act according to the individual name or description of the separate units.