BEFORE THE SECOND DIVISION, SEPTEMBER 7, 1960

**No. 64484.**—S. S. Kresge Co. *v.* United States, protests 297552–K, 308673–K, and 310028–K (New York).

LAWRENCE, Judge: Three protests enumerated in the annexed schedule, attached to and made part of this decision, were consolidated for trial.

The importations of merchandise described on the invoices as "manicure sets in plastic leather cases" were classified by the collector of customs as follows:

The tweezers and nail files, within the specific provision therefor in paragraph 354 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 354), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and assessed with duty at 40 per centum ad valorem; the scissors, specifically enumerated in paragraph 357 of said act (19 U.S.C. § 1001, par. 357), as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, supplemented by Presidential proclamation, 85 Treas. Dec. 116, T.D. 52462, and assessed at the rate of 22½ per centum ad valorem, plus 7½ cents each; the handle implements (so-called pusher and cleaner), as articles

in chief value of metal in paragraph 397 of said act (19 U.S.C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, *supra*, dutiable at 22½ per centum ad valorem; and the plastic cases in paragraph 1531 of said act (19 U.S.C. § 1001, par. 1531), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, supplemented by Presidential notification, 86 Treas. Dec. 337, T.D. 52820, dutiable at the rate of 20 per centum ad valorem, by virtue of the similitude clause in paragraph 1559 of said act, as amended (19 U.S.C. § 1001, par. 1559).

Plaintiff contends that the merchandise is an entirety and should be classified within the provisions of paragraph 1531, as modified, *supra*, as "cases, * * * wholly or in chief value of leather or parchment, * * * permanently fitted and furnished with * * * manicure * * * sets * * *," by virtue of the similitude clause in paragraph 1559, *supra*, and subjected to duty at the rate of 20 per centum ad valorem.

At the trial, a sample representing the imported merchandise was received in evidence as plaintiff's exhibit 1. It was agreed by adversary counsel that said exhibit "* * * is a plastic case composed of a plastic material which is not *eo nomine* mentioned in the Tariff Act of 1930; that it is used for the same purpose and in the same manner as cases wholly or in chief value of leather or parchment, permanently fitted and furnished with manicure sets."

We have examined exhibit 1 which obviously is a manicure set. The collector of customs having returned the case as a leather case by virtue of the similitude provision, we find and hold that the subject merchandise consists of entireties, and, by application of the similitude clause, should be classified as cases in chief value of leather, permanently fitted and furnished with manicure sets, and dutiable at the rate of 20 per centum ad valorem, in paragraph 1531 of the Tariff Act of 1930, as modified, *supra*.

Counsel for the United States, with commendable discretion, stated that the merchandise "* * * should have been classified on an entirety basis."

Upon the record before us, we sustain the claim of the importer.

Judgment will issue accordingly.