No. 64902.—J. E. Bernard & Co., Inc. v. United States, protest 59/23741–11030 (Chicago).

MOLLISON, Judge: The merchandise the subject of this protest consists of plastic cases permanently fitted with manicure sets. By agreement of counsel for the parties, plaintiffs' collective exhibit 1 is in evidence before us as representative of the merchandise. It consists of a plastic case containing pockets and loops of plastic material, holding a pair of scissors, two cuticle pushers, a nail file, and tweezers.

The collector assessed duty on the cases and the individual articles comprising the sets on the basis that they were separate entities. The plaintiff claims that the cases and their contents are dutiable as entireties, by similitude under paragraph 1559(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, at the rate applicable to the cases, wholly or in chief value of leather, permanently fitted with manicure sets, provided for in paragraph 1531, Tariff Act of 1930, as modified by T.D. 52739 and T.D. 52820, viz, 20 per centum ad valorem.

The case has been submitted for decision upon stipulation of counsel entered into in open court as follows:

It is hereby stipulated and agreed that the merchandise involved herein consists of plastic cases permanently fitted with manicure sets, consisting of scissors, nail files, tweezers, instruments number 1 and 2;

And that the plastic cases are not composed wholly of synthetic resin, and are not laminated, and are not wholly or in chief value of any product of which any synthetic resin, or resin-like substance, is the chief binding agent.

It is further stipulated that the plastic cases most resemble in use leather cases permanently fitted with manicure sets.

Briefs have been filed by counsel for the parties, and, from a perusal of the brief filed on behalf of the defendant, it appears that, in view of the recent decision of the second division of this court in the case of *S. S. Kresge Co.* v. *United States*, 45 Cust. Ct. 250, Abstract 64484 (decided September 7, 1960), relating to what appear to be plastic cases fitted with manicure sets similar to those here in issue, defendant does not press the contention that the cases and the articles contained therein are not entireties. Defendant does not question that the cases are not covered by any dutiable enumeration in the tariff act,

and that they are subject to duty, by virtue of the similitude provision of paragraph 1559(a), *supra*.

However, counsel for the defendant contends that judgment should, nevertheless, be given in its favor on the ground that "the component material of chief value of these sets appears to be steel, as may be ascertained from the official papers herein."

Counsel for the defendant thus manifestly takes the view that the language of the provision in paragraph 1531, under which plaintiff claims by similitude, requires for classification thereunder that leather be the component material of chief value of the *entireties*, that is to say, the cases *and* the sets.

We do not think the language of the provision is so written, or has that meaning. As we read the provision, it requires only that the *cases* be wholly or in chief value of leather, regardless of the component material of chief value of the ensemble.

Paragraph 1531, as modified by the Torquay protocol, T.D. 52739, reads as follows:

Articles provided for in paragraph 1531, Tariff Act of 1930 (except articles in chief value of reptile leather), if permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon, sewing, manicure, or similar sets _____ 20% ad val.

The articles referred to as provided for in paragraph 1531 are:

Bags, baskets, belts, satchels, cardcases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, not jewelry, wholly or in chief value of leather or parchment * * *.

Inasmuch as it is stipulated that the plastic cases at bar most resemble in use leather cases permanently fitted with manicure sets, it follows that the articles enumerated in the tariff act as chargeable with duty which, for the purposes of the similitude provision, paragraph 1559(a), *supra*, the plastic cases at bar most resemble in the use to which they may be applied, are:

* * * cases, * * * wholly or in chief value of leather, * * * permanently fitted and furnished with * * * manicure * * * sets,

and, consequently, they take duty at the rate applicable to such enumerated articles.

We are satisfied that the plastic cases, together with the manicure sets therein contained, are properly dutiable as entireties, and that the entireties are properly dutiable at the rate of 20 per centum ad valorem, by similitude under paragraph 1559(a) to the fitted leather cases provided for in paragraph 1531, as modified.

Judgment will, therefore, issue sustaining the protest claim accordingly.