(C. D. 2779)

C & M SRERY Co. *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 5, 1966)

*Glad & Tuttle (Robert Glenn White* of counsel) for the plaintiff.
*J. William Doolittle*, Acting Assistant Attorney General (*James S. O'Kelly* and *Glenn E. Harris*, trial attorneys), for the defendant.

Before OLIVER, NICHOLS, and WATSON, Judges

NICHOLS, Judge: The merchandise involved in these cases, consolidated at the trial, consists of men's and ladies' slippers, each pair in a matching pouch, imported from Japan and entered at the port of Los

Angeles in April, May, and June of 1963.[1] The slippers and pouches were assessed with duty at 20 per centum ad valorem by similitude to cases in chief value of leather fitted with traveling sets under paragraph 1531 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739 and T.D. 52820.[2] Plaintiff claims that they are not so classifiable and that the slippers are dutiable at 10 per centum ad valorem by similitude to leather slippers for housewear under paragraph 1530(e) of said tariff act, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, and that the pouches are dutiable at 20 per centum ad valorem by similitude to leather cases under paragraph 1531, as modified by the General Agreement on Tariffs and Trade, T.D. 51802.

The pertinent provisions of the tariff act, as modified, or amended, are as follows:

Paragraph 1531, as modified by T.D. 51802, *supra:*

Bags, baskets, belts, satchels, cardcases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, not jewelry, wholly or in chief value of leather (except reptile leather), or parchment, and manufactures of leather (except reptile leather), rawhide, or parchment, or of which leather (except reptile leather), rawhide, or parchment is the component material of chief value, not specially provided for:

\* \* \* \* \* \* \*

Bags, baskets, belts, satchels, pocketbooks, jewel boxes, portfolios, and boxes and cases, not jewelry; any of the foregoing not provided for heretofore in this item_____ 20% ad val.

Paragraph 1531, as modified by T.D. 52739 and T.D. 52820, *supra:*

Articles provided for in paragraph 1531, Tariff Act of 1930 (except articles in chief value of reptile leather), if permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon, sewing, manicure, or similar sets_____ 20% ad val.

Paragraph 1530(e), as modified by T.D. 51802, *supra:*

Boots, shoes or other footwear (including athletic or sporting boots and shoes), made wholly or in chief value of leather, not specially provided for:

\* \* \* \* \* \* \*

Slippers for housewear_____ 10% ad val.

Paragraph 1559(a), as amended by the Customs Simplification Act of 1954:

Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enu-

[1] This case was heard and submitted at Los Angeles on October 11, 1965. Plaintiff's brief was filed on January 27, 1966, and defendant's brief on June 8, 1966. On April 14, 1966, the case was submitted before the first division as now constituted.

[2] The collector's reports on protest state that the merchandise was classified by similitude to manufactures wholly or in chief value of leather, parchment, or rawhide, not specially provided for, under paragraph 1531, but notations on the invoices indicate that the classification was by similitude to fitted leather cases.

merated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

The following items are involved herein:

| Style No. | Description | Protest |
|---|---|---|
| 802 | ladies' slippers with matching aluminum zipper pouch | 65/21 65/23 |
| 772 | ladies' slippers with matching traveling pouch | 65/21 65/24 |
| 9801–B | men's slippers with matching alligator vinyl pouch | 65/22 65/26 |
| 9700 | men's slippers with "U" shaped vinyl zippered traveling pouch | 65/22 |

Style No. 9750 on the entry covered by protest 65/23 did not have a matching pouch, and the slippers were classified as slippers for housewear, which classification is not contested.

Samples of slippers in style numbers 802, 772, and 9700 were received in evidence as plaintiff's exhibits 1, 2, and 3, respectively. Matching cases for style numbers 772 and 802 and a case for style number 9801–B were received as plaintiff's exhibits 4, 5, and 6, respectively. Style No. 772 is a folded red and white ladies' slipper in a matching red and white case. (Exhibits 2 and 4.) Style No. 802 is a folded white ladies' slipper with a decorated plastic vamp and a matching case. (Exhibits 1 and 5.) Exhibit 3 is a folded black men's slipper and exhibit 6 is a black simulated alligator case. The slipper does not fit into the case.

Max Srery testified that he has been the owner of C & M Srery Co., the plaintiff herein, since 1951 and that its business is the importation of slipperwear and ladies' hosiery. He stated that he purchased the merchandise involved herein and identified the samples as representative of the importations. The merchandise is imported in different colors and in various sizes. The witness said he imported such merchandise in 1962 and 1963 but was no longer importing it. He also imported and sold slippers without pouches, but the specific slippers involved herein were not imported without pouches and the pouches were made to conform to the respective slipper styles. He brought in the slippers with pouches because he thought they would make a good selling item. They make a compact package and were sold as a set for vacations or travel. The pouches were never sold without

slippers and cannot be used for anything but holding or carrying the slippers. They are sold by style and the slippers are not recommended for outdoor wear because the soles are not thick enough, but they could be used for other than housewear.

It was stipulated that exhibits 1, 2, and 3 are slippers and that they have vinyl uppers with a leather sole. The official papers, which were received in evidence, include cost breakdown sheets from the manufacturer which indicate that the slippers *per se* may be in chief value of leather but that the slippers and pouches together are not. Mr. Srery testified that the pouches are made of vinyl with a zipper and have no appendages or structures inside.

Plaintiff claims that the imported articles are not *ejusdem generis* with the permanently fitted and furnished cases provided for in paragraph 1531, *supra;* that the pouches are not such cases; that the pouches and slippers are not entireties; that the slippers are slippers for housewear and are classifiable by similitude under paragraph 1530 (e), *supra;* and that the cases are classifiable by similitude to plain cases under paragraph 1531, *supra.* Defendant claims that the articles here are "entireties," and are not directly classifiable under any provision of the tariff act but were properly classified by similitude by the collector.

Special provision for cases in chief value of leather "permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon and similar sets" has been in tariff acts since 1909. Paragraph 452, Tariff Act of 1909; paragraph 360, Tariff Act of 1913; paragraph 1432, Tariff Act of 1922; and paragraph 1531, Tariff Act of 1930. Sewing and manicure sets were added by the Tariff Act of 1922. These provisions manifest an intention that leather cases fitted with the specified sets are to be taken as tariff entities and duty assessed upon them as entireties, whether or not the individual items making up the sets might be otherwise separately classed. *United States* v. *Gluck & Sons et al.,* 8 Ct. Cust. Appls. 11, 16, T.D. 37160. Two or more articles have been held to constitute a "set," and it has also been held that any combination of toilet articles comes within the definition of "traveling set" provided the articles are made up to be carried by the traveler and are designed for the care of his person or clothing while traveling. *United States* v. *Mark Cross Co.,* 4 Ct. Cust. Appls. 274, T.D. 33489. In *United States* v. *Bartley Bros. & Hall,* 5 Ct. Cust. Appls. 249, T.D. 34441, it was held that the application of the provision depended not upon the character of the case but upon the character of its contents. The court said that not all cases fitted with articles fell within the provision but only those which were enumerated or were of the same character and that the statute included

whatever might be classed as a "traveling set." "Permanently" was held to mean of considerable duration but not everlasting.

In *E. Herrmann* v. *United States*, 29 Treas. Dec. 216, Abstract 38319, it was held that soft slippers made of leather and cotton or silk, in chief value of leather, folded and contained in bags or pouches of the same material, were classifiable as fitted leather cases under paragraph 360 of the Tariff Act of 1913. The court noted an earlier case where it had found that the pouch and slippers were made to go together and formed a whole article but that, in view of a question as to whether they were a set, the protest was overruled without sustaining the action of the collector. (*H. S. Tavshanjian* v. *United States*, 29 Treas. Dec. 118, Abstract 38153.) In the subsequent case, it held that, in view of the decision in *United States* v. *Mark Cross Co.*, *supra*, the slippers were sets.

The *Herrmann* case was specifically referred to in the Summary of Tariff Information, 1920, at page 561. It was followed in *Mark Cross Co.* v. *United States*, 31 Treas. Dec. 160, Abstract 40096, and *Gimbel Bros.* v. *United States*, 48 Treas. Dec. 635, Abstract 49892. In the latter case, the court noted that the articles were sold as traveling sets. Abstracts 40096 and 49892 were followed in *Lipman, Wolfe & Co.* v. *United States*, 49 Treas. Dec. 1078, Abstract 50930, and that case was followed in *B. Altman & Co., Ltd.* v. *United States*, 49 Treas. Dec. 1101, Abstract 51061. The last three cases were called to the attention of Congress by the Summary of Tariff Information, 1929, page 2053, where it is stated:

*Slippers* in chief value of leather, in a bag or pouch of the same material, sold as traveling sets, were held properly dutiable as leather cases, fitted, at 45 per cent under paragraph 1432. (Abs. 49892, 50930, and 51061).

These cases were again followed in *H. & S. Pogue Co.* v. *United States*, 64 Treas. Dec. 906, Abstract 25292.

In view of this history, the doctrine of legislative ratification of judicial decision is applicable. *August Bentkamp* v. *United States*, 40 CCPA 70, 79–80, C.A.D. 500. The articles in the instant case appear to be of the same character as those in the cited cases, and the testimony establishes that they were purchased and sold as traveling sets.

Plaintiff's argument that the involved articles are not "sets" or not "entireties" fails to take into account the compelling weight of the authorities cited. If the articles before us were in chief value of leather, only one result would be possible. We turn to the question of the proper application of the similitude provision, paragraph 1559, as the only difficult issue in the case.

The classification was by similitude. The original protests claimed under paragraph 1530 at 10 percent, not stating whether directly or by similitude. Counsel in his opening statement limited the claim to similitude, and plaintiff made no attempt to show that the slippers were in chief value of leather, or to claim or establish any other direct classification for them, separately considered. It says in its brief they should be classified by similitude as "slippers for housewear" under paragraph 1530(e). This we consider an admission that the slippers are not in chief value of leather. The official papers and the unchallenged part of the collector's determination establish that the pouches are in chief value of vinyl. Therefore, neither part, separately considered, is directly enumerated.

The Government calls attention to the difference between the "set" of paragraph 1531, which may combine two or more of what would otherwise be separate tariff entities, and the doctrine of "entireties" as applied where there is no express statement of congressional intent. It says that a "set" may not be classed by mere similitude under paragraph 1531 unless it is also an "entirety" because the separate components of the set may have direct classification under other paragraphs and similitude by its own terms applies only to articles not directly provided for. It then undertakes to get out of the difficulty it has itself conjured up by showing that the merchandise here involved consists of entireties considered apart from paragraph 1531.

We may suggest skepticism as to this mode of resolving the problem before us without definitely holding it to be wrong. In the first place, normally, apart from special statutory language, the association of a consumer's article with even a closely fitted leather case does not create a tariff entirety. *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.*, 22 CCPA 281, T.D. 47330. In the second place, perhaps the "set" provision of paragraph 1531 could be employed to determine whether the similar merchandise was an "entirety" before, instead of after, consideration was given to whether it was provided for elsewhere. At any rate, in *S. S. Kresge Co.* v. *United States*, 45 Cust. Ct. 250, Abstract 64484, a "set" consisting of a plastic case and metal manicure articles, classified directly elsewhere, was held dutiable by similitude under paragraph 1531. Defendant's analysis implies that this case was incorrectly decided. The case would seem to reflect a readiness to give the similitude provision its full intended effect in protecting enumerated articles dutiable at high rates against competition by articles similar as to use and differing only in some material component not significant to the user. We do not need to reconsider the *Kresge* case here because we do not think the Government's analysis has any valid application to an instance where the contents as well as the case itself are not provided for directly in any tariff

paragraph. We think the Government has misconstrued the *Kresge* case by overlooking that the term "entireties," as used therein, has to mean "entireties" by fiat of paragraph 1531; the court said the merchandise "obviously is a manicure set."

For purposes of this case, it is sufficient to hold that a plastic pouch containing household slippers in chief value of plastic is properly classed by similitude under paragraph 1531 as a "set" when it is indistinguishable as to use from leather "sets" which have been so classed for generations.

The competition here is between two similitude classifications: the classification of the cases being uncontested, the issue is whether the slippers are classed by similitude under paragraph 1530 (e) as household slippers, or by similitude under paragraph 1531 as parts of a traveling set. There is no reason suggested in legislative policy, or the language the Congress has clothed its purpose in, why the choice should not be made in the same manner as if the competing paragraphs were both appropriate for direct classification. If paragraph 1531 was intended to be invasive in the latter situation, it seems equally so in the former. Should another case arise in which some components of the "set" are provided for directly, the problem then before the court can be given its proper answer.

The protests are overruled, and judgment will be rendered for the defendant.